UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No. 04-CR-92

WILLIE DYSON,

        Defendant.

**ORDER**

On January 25, 2006, Defendant Willie Dyson was sentenced to prison for 180 months following his conviction on his plea of guilty to the crime of distributing five grams or more of crack cocaine. A second 180-month sentence was imposed on a separate count of felon in possession of a firearm. Dyson has now filed a pro se motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to the crack cocaine guidelines. Because defendant was sentenced under the career offender guideline, however, and not the crack guideline, his motion must be denied.

Section 3582(c)(2) authorizes a sentencing court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." At the time of sentencing, Dyson was found to be a career offender pursuant to U.S.S.G. § 4B1.1, resulting in a total offense level of thirty-one for the crack count, after reduction for acceptance of responsibility,

and a Guideline range of 188 to 235 months. The recent amendment to the crack cocaine guideline provisions did not reduce the sentencing range of defendants who were sentenced as career offenders. The court therefore has no authority to reduce Dyson's sentence on the crack cocaine count under § 3582(c)(2). *See United States v. Biami*, 548 F. Supp.2d 661(E.D. Wis. 2008), and cases cited therein.

As a practical matter, it would make no difference even if Dyson was eligible for a reduction since he was also sentenced to 180 months as an armed career criminal pursuant to U.S.S.G. § 4B1.4 for the felon in possession count. Based on the designation of armed career criminal, 180 months was the mandatory minimum sentence for Count Two. Thus, a reduction in Count One would not effect the length of Dyson's sentence since Count Two would still control. Under these circumstances, the motion must be denied.

**SO ORDERED** this   28th   day of July, 2008.

   s/ William C. Griesbach   
William C. Griesbach
United States District Judge